UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SILVAYN VASQUEZ et al.,

                                    Plaintiffs,

        -v-

MOBILESHACK INC. et al.,

                                    Defendants.

---

19 Civ. 10371 (PAE) (GWG)

ORDER

PAUL A. ENGELMAYER, District Judge:

Plaintiffs brought this action on November 7, 2019, by the filing of the Complaint.

Dkt. 1.  On January 21, 2020, plaintiffs filed affidavits of service showing that service was made

on all defendants by February 18, 2020.  Dkts. 8–22.  As a result, defendants' answers were due

by March 10, 2020, at the latest.  *Id.*; *see* Fed. R. Civ. P. 4(d)(3).

On May 20, 2020, plaintiffs obtained clerk's certificates of default against all defendants.

Dkts. 40–54.  On December 11, 2020, plaintiffs moved for a default judgment against all

defendants.  Dkts. 56–57.  On December 14, 2020, the Court issued an order to show cause.

Dkt. 57.  In that order, the Court observed that plaintiffs' motion papers were in good order and

notified the parties that, in light of the COVID-19 public health emergency, it intended to resolve

plaintiffs' motion on the papers.  *Id.*  It also directed defendants to file any opposition to

plaintiffs' motion through the Court's electronic filing system by January 15, 2021, at 2:30 p.m.,

and directed plaintiffs to serve the order on defendants and file proof of service by December 21,

2020.  *Id.*  On December 22, 2020, plaintiffs filed an affidavit of service of the Court's

December 14, 2021 order, showing that service was made on December 21, 2020.  Dkt. 58.

On January 15, 2021, the Court received a joint letter from plaintiffs and defendants Avi Levy, Victor Levy, and Mobileshack Inc. stating that (1) plaintiffs agreed to withdraw their motion for a default judgment, but only as to those three defendants; and (2) those three defendants would file an answer to plaintiffs' complaint by February 5, 2021.  The parties also submitted a stipulation to that effect, which the Court has so ordered.  Dkt. 60.

No other defendant has appeared or objected to plaintiffs' motion.

The Court has reviewed plaintiffs' motion for a default judgment, Dkt. 55, the accompanying memorandum of law, Dkt. 56, and the declarations of Silvayn Vasquez, Dkt. 56-4, Andrew Kettle, Dkt. 56-5, Santiago Maidana, Dkt. 56-6, and Diane Bernard, Esq., Dkt. 56-7, and supporting exhibits, pursuant to Federal Rule of Civil Procedure 55(b).  Because the non-appearing defendants—*i.e.*, (1) First Class Wireless Inc.; (2) International Cellular Inc.; (3) BestBuy Wireless Inc.; (4) Express Mobile, Inc.; (5) Cellular Stop Inc.; (6) Cellular Stop, II Inc.; (7) WorldWide Mobile, Inc.; (8) Mobilecom Inc.; (9) International Mobile, Inc.; (10) Repair City Inc.; (11) WirelessWorld of Manhattan; and (12) Cellular To Go, LTD—have not answered the complaint and the time for answering the complaint has expired, and have failed to contest entry of a default judgment by the appointed date and time, the Court enters a default judgment as to liability against those defendants.

The Court, by separate order, will commission an inquest into damages.

The Clerk of Court is respectfully directed to terminate the motion pending at docket 55.

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: January 19, 2021
       New York, New York