

Adam Katz | Partner
Direct 646.292.8787 | akatz@goldbergsegalla.com

March 11, 2022

**VIA ECF**                    MEMORANDUM ENDORSED

Hon. Gabriel W. Gorenstein, U.S.M.J.
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

      Re:     19-cv-10371-PAE-GWG Vasquez et al v. MobileShack Inc.

Dear Judge Gorenstein:

      As the Court is aware, this firm represents Defendants MobileShack Inc. ("MobileShack"), Avi Levy and Victor Levy (collectively, "Defendants") in the above-referenced action. Simply put, despite multiple assurances over the last two and a half months that discovery from Plaintiffs would be forthcoming, to date, Plaintiffs have not produced a single document and have not even provided responses and objections to Defendants' document requests, which were first served on or about September 27, 2021. We ask the Court a) to order Plaintiffs' to produce responses to Defendants' document requests by a date certain and  b) to award sanctions against Plaintiffs in the form of a terminating sanctions or at least an award of fees for the cost to make this application to the Court. In the alternative, at a minimum, we request an extension of the discovery deadline in this matter (from March 15, 2022) to April 30, 2022. We welcome the opportunity for a conference if the Court believes it would be productive.

**Relevant Background**

      Given the parties' limited resources and limited opportunity for settlement, the parties agreed avoid costly discovery until after they held a settlement conference before Judge Gorenstein, with the understanding that discovery would need to be completed if the parties did not reach a settlement. The Court held a settlement conference on December 20, 2021 and the parties did not reach a settlement. On the same day, I reached out to Plaintiffs' counsel requests that we discuss the discovery schedule regarding depositions and the production of documents. Plaintiffs' counsel said he was "happy to produce" the documents and inquired as to what documents Defendants were missing and I responded by explaining that we had not received any responses. I resent Defendants' discovery requests to Plaintiffs' counsel and highlighted several requests on which Defendants were especially focused, including, "any communications, especially those with [Defendant] Victor [Levy]…"schedules, and pay stubs and other documentation…and evidence to prove that your clients worked overnight…"

**Please send mail to our scanning center at: PO Box 880, Buffalo NY 14201**

**OFFICE LOCATION** 711 3rd Avenue, Suite 1900, New York, NY 10017-4013 | **PHONE** 646-292-8700 | **FAX** 646-292-8701 | **www.goldbergsegalla.com**
CALIFORNIA | CONNECTICUT | FLORIDA | ILLINOIS | NEW JERSEY | NEW YORK | NORTH CAROLINA | MARYLAND | MISSOURI | PENNSYLVANIA

Hon. Gabriel W. Gorenstein, U.S.M.J.
March 11, 2022
Page 2

      Since that time, Defendants have diligently followed-up with Plaintiffs' counsel to obtain the documents they have requests. Plaintiffs' counsel has either largely ignored our requests or has made false promises regarding a timeline for the production:

- On January 4, 2022, I followed up with Plaintiffs' counsel to inquire into the status of the production. Plaintiffs' counsel responded that documents would be produced by January 8, 2022.
- On January 18, 2022 at 3PM, Plaintiffs represented by Bart Pittarri and I, on behalf of Defendants, held a <u>telephonic</u> meet and confer for approximately 15-20 minutes. Mr. Pittari represented that Plaintiffs would make their production by January 25, 2022. I told Mr. Pittari that if the production was not made by January 25, 2022, I would need to and planned to seek Court intervention. Defendants believe that this telephonic meeting satisfies the Court's Individual Rules for noticing a discovery dispute.
- On February 7, 2022, I followed up with Plaintiffs' counsel by email asking about the status of the production and reminding him that there were 3.5 weeks until the discovery deadline. Plaintiffs' counsel ignored this email.
- On February 18, 2022, I again followed up with Plaintiffs' counsel by email requesting an update on the production. Plaintiffs' counsel ignored this email, as well.
- On March 1, 2022, I wrote another email to Plaintiffs' counsel— reminding Plaintiffs' counsel of the looming discovery deadline and this time telling him that I planned to write a letter to the Court by close of business on March 2, 2022. Plaintiffs' counsel responded by stating that the production would be made "by Friday," which was March 4, 2022.

      It is now a week since March 4, 2022 and Defendants have not received any documents or responses and objections to their document requests. (Plaintiffs did produce approximately 30 pages of documents in connection with the settlement conference in this action.) I have followed-up with Plaintiffs' counsel saying that I was planning to seek intervention, who informed me that his paralegal mailed and emailed me "everything."[1]

      I have searched my inbox, junk box, and deleted email and I have not located any production or emails containing responses to Defendants' document demands. Similarly, neither I nor anyone at my office have any record of a production being sent to my office in New York City. On March 9, 2022, I asked Plaintiffs' counsel for a tracking number and to resend the production, and once again, Plaintiffs' counsel has not responded. On March 11, 2022 (earlier today), informed Plaintiffs' counsel that I was planning to write a letter to the Court noticing this discovery dispute by close of business today.

      In compliance with the Court's Individual Rules, I have not attached a copy of these communications to the instant letter, but these requests and attempts to follow-up with Plaintiffs' counsel are well-documented and can be provided to the Court at is convenience.

---

[1] Plaintiffs' counsel attached a copy of Plaintiffs' responses to Defendants' interrogatories, also served in September 2022.

Hon. Gabriel W. Gorenstein, U.S.M.J.
March 11, 2022
Page 3

**Argument**

Plaintiffs have blatantly failed to comply with the discovery orders in this case. They have not produced a single document, despite multiple assurances that they would do so. They have stymied the discovery process and significantly prejudiced Defendants' ability to defend this case. If Plaintiffs are disinterested in litigating this matter and unwilling to participate in discovery, Defendants should not have a sword of Damocles hanging over them in perpetuity.

As the Court is aware, this a wage and hour litigation. In addition to standard documents regarding Plaintiffs' scheduling and rate of pay that Plaintiffs' have in their possession, a central issue in this matter is whether Defendant Victor Levy was an owner, operator and manager of the business. Plaintiffs claim that Victor Levy was an owner of the business and they have indicated that they have significant communications between Victor and Plaintiffs demonstrating that he is liable as a supervisor and owner of the business. Defendants maintain that the business was solely owned and supervised by Avi Levy and Victor Levy is only included in this litigation because he was listed as a defendant in the caption of an action brought by Plaintiff Kettle's best friend (a matter which settled without a contribution from Victor Levy). To date, Plaintiffs have not produced any proof Victor Levy's involvement in the business.[2]

In another central factual issue, Plaintiffs allege that they worked overnight shifts and that they have proof of working these late hours. Defendants contend that their business closed by 9PM the latest and that Plaintiffs never worked these considerable hours in the early hours of the morning.

Rule 37(b)(2)(A) governs a party's failure to comply with a court order and lists the following sanctions a court may order:

(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence.

Fed. R. Civ. P. 37. "Whether exercising its inherent power, or acting pursuant to Rule 37, a district court has wide discretion in sanctioning a party for discovery abuses." *Reilly v. Natwest Markets Group Inc.*, 181 F.3d 253, 267 (2d Cir. 1999) (citing New York State NOW v. Terry, 886 F.2d 1339, 1354 (2d Cir. 1989). Furthermore, sanctions "should restore the prejudiced party to the same position it would have been in absent the wrongful withholding of evidence by the opposing party." *Chevron Corp. v. Donziger*, 296 F.R.D. 168, 208 (S.D.N.Y. 2013) (internal quotations omitted).

Plaintiffs should not be allowed to flout the discovery process while withholding key documents, while making claims regarding phantom overnight shifts and Victor Levy as a supervisor or owner of Defendant Mobileshack. The Court can and should make adverse inferences regarding the hours Plaintiffs' worked and Defendant Victor Levy's (lack of) involvement with Defendant MobileShack, Inc. and the other defendant entities. *See e.g., Doug's Word Clocks.com Pty Ltd. v. Princess Int'l, Inc.,* 323 F.R.D. 167, 176 (S.D.N.Y. 2017) (court

---

[2] As part of the settlement conference, Plaintiffs produced two text messages which actually indicate that only Avi—not Victor—had authority to adjust Plaintiffs' hours and schedule.

Hon. Gabriel W. Gorenstein, U.S.M.J.
March 11, 2022
Page 4

exercised "broad discretion to craft appropriate sanctions" to strike defendants' answers and deem facts established*); Hawley v. Mphasis Corp.*, 302 F.R.D. 37, 56 (S.D.N.Y. 2014) (ordering adverse inference for failure to produce documents); see also, Fed. R. Civ. P. 37(b)(2)(C) (stating that the "court <u>must</u> order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.") (*emphasis added.*)

If the Court is only inclined to extend the discovery deadline, we propose that the discovery deadline be extended from March 15, 2022 to April 30, 2022 to allow Defendants ample time to properly review any production. We further propose that summary judgment letters and other pre-trial material, currently due on March 31, 2022, would be due on May 15, 2022. There are no other deadlines that would be affected by this request. This is the fourth request for an extension of the discovery deadlines and Plaintiffs' counsel does not object to this request.

We thank the Court for its attention to this request.

Very truly yours,

Adam S. Katz, Esq.

AK:sd

Application denied without prejudice to renewal. In light of the claim that documents have been produced, the attorneys should confer immediately again by telephone. If any dispute remains, defendants may file a new letter provided it complies with paragraph 2.A of the Court's Individual Practices. As for Docket # 87, Ms. Diane D. Bernard remains counsel of record in this case and has equal responsibility for responding to court directives. And now that she is aware of Mr. Pittari providing an incorrect email to the docketing system, Ms. Bernard is responsible for notifying Mr. Pittari of all filings until the error is corrected.

So Ordered.

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge
March 17, 2022