UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
SILVAYN VASQUEZ, et al.,                       :

        Plaintiffs,            :
                                      ORDER
  -against-                                         :
                                      19 Civ. 10371 (PAE) (GWG)
MOBILESHACK, INC., et al.,                    :

        Defendants.          :
---------------------------------------------------------X

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

      Plaintiffs have sued defendants for violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") and New York state law. (Docket # 1). Defendants have moved for partial summary judgment, including on the question of whether plaintiff Andrew Kettle is exempt from the FLSA's overtime requirement as a "bona fide executive." (Docket # 144).

      "The FLSA does not define 'bona fide executive,'" Ramos v. Baldor Specialty Foods, Inc., 687 F.3d 554, 559 (2d Cir. 2012), but the Department of Labor has interpreted the term to include only employees who are, inter alia, "[c]ompensated on a salary basis . . . at a rate of not less than $684 per week." 29 C.F.R. § 541.100(a)(1); see Helix Energy Solutions Grp., Inc. v. Hewitt, 143 S. Ct. 677, 683 (2023) ("Helix") ("[The] rule considers employees to be executives when they are '[c]ompensated on a salary basis[.]'").

      The Code of Federal Regulations clarifies that an employee is paid on a "salary basis" if he "regularly receives each pay period on a weekly, or less frequent basis, a predetermined amount constituting all or part of the employee's compensation, which amount is not subject to reduction because of variations in the quality or quantity of the work performed." 29 C.F.R. § 541.602(a). Thus, as the Supreme Court has recently ruled, "a daily-rate worker does not qualify under § 602(a) as a salaried employee — even if . . . his daily rate is high." Helix, 143 S. Ct. at 688. A daily-rate worker only meets the "salary basis" prong of the executive exemption if "the employment arrangement also includes a guarantee of at least the minimum weekly required amount paid on a salary basis regardless of the number of hours, days or shifts worked, and a reasonable relationship exists between the guaranteed amount and the amount actually earned." 29 C.F.R. § 541.604(b); see Helix, 143 S. Ct. at 688-89.

      While the issue has not been addressed by plaintiffs, Kettle's testimony indicates that his pay was daily (see Docket # 144-4 at 11:18-12:18) (describing his pay as "between a hundred and 120 a day"), and there is nothing in the record to suggest that his pay was "guarantee[d]" at a minimum rate, much less one that bore a "reasonable relationship" to his actual earnings. See 29 C.F.R. §541.604(b). Thus, it appears that Kettle was a "daily-rate" employee and does not meet the "salary basis" requirement, as articulated in the governing regulations or Helix.

In light of this law, each party is directed to file a letter or supplemental brief on or before May 11, 2023, explaining their position on whether Kettle was paid on a "salary basis."

SO ORDERED.

Dated: May 4, 2023
New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge