UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                              :
SILVAYN VASQUEZ *et al.*,                                     :
                                                              :
                                  Plaintiffs,                 :        19 Civ. 10371 (PAE)
                    -v-                                       :              (GWG)
                                                              :
                                                              :        OPINION & ORDER
MOBILESHACK, INC., *et al.*,                                  :
                                                              :
                                  Defendants.                 :
                                                              X
-----------------------------------------------------------------

PAUL A. ENGELMAYER, District Judge:

      Plaintiffs Silvayn Vasquez, Andrew Kettle ("Kettle"), and Santiago Maidana have sued defendants MobileShack, Inc., Avi Levy (*a/k/a* Albert Levy), and Victor Levy for violations of the Fair Labor Standards Act ("FSLA"), 29 U.S.C. §§ 201 *et seq.* and the New York Labor Law ("NYLL"), N.Y. Stat. §§ 190 *et seq.*; 650 *et seq.* Plaintiffs allege that during their employment at MobileShack, they were denied minimum wage, overtime, and other employment benefits guaranteed under the law. *See* Dkt. 1. On December 12, 2022, after defendants indicated that they would move for partial summary judgment, the Court referred the motion to the Hon. Gabriel W. Gorenstein, United States Magistrate Judge, for a Report and Recommendation ( "Report"). Dkt. 140. On January 31, 2023, defendants moved for partial summary judgment on the grounds that (1) Victor Levy was not plaintiffs' employer under the FLSA or the NYLL and thus should be dismissed from the case and (2) Kettle's claims should be dismissed because he was an "executive" employee and is thus exempted from the FLSA's and the NYLL's overtime requirement. On March 17, 2023, plaintiffs opposed the motion. Dkt. 149. On April 14, 2023, defendants replied. Dkt. 152.

Before the Court is Judge Gorenstein's June 16, 2023 Report, recommending that the Court grant in part and deny in part defendants' motion for partial summary judgment. Specifically, the Report recommends that summary judgment be granted in favor of defendant Victor Levy on all claims against him, but that plaintiff Kettle's claims proceed to trial (along with the claims on which a motion for summary judgment was not made) because a dispute of fact exists as to whether he was an "executive" employee exempted from the FLSA's and the NYLL's overtime requirement. The Court incorporates by reference the summary of the facts provided in the Report. For the following reasons, the Court adopts this recommendation.

## DISCUSSION

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "To accept those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Ruiz v. Citibank, N.A.*, No. 10 Civ. 5950 (KPF), 2014 WL 4635575, at *2 (S.D.N.Y. Aug. 19, 2014) (quoting *King v. Greiner*, No. 02 Civ. 5810 (DLC), 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009)); *see also, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

As no party has submitted objections to the Report, review for clear error is appropriate. Careful review of Judge Gorenstein's thorough and well-reasoned Report reveals no facial error in its conclusions; the Report is therefore adopted in its entirety. Because the Report explicitly states that "failure to object within fourteen (14) days will result in a waiver of objections and will preclude appellate review," Report at 14–15, the parties' failure to object operates as a

waiver of appellate review. *See Caidor v. Onondaga Cty.*, 517 F.3d 601, 604 (2d Cir. 2008) (citing *Small v. Sec'y of Health & Hum. Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam)).

## CONCLUSION

For the foregoing reasons, the Court grants defendants' motion for summary judgment as to all claims against defendant Victory Levy, and otherwise denies defendants' partial motion for summary judgment.

This case will now proceed to trial on plaintiffs' five claims against MobileShack, Inc. and Avi Levy. The Court directs the parties promptly to confer, and, by **July 31, 2023**, to submit a joint pretrial order consistent with the Court's Individual Rules governing jury trials. Any motions *in limine* are due on the same date as the joint pretrial order; opposition briefs are due one week later.

SO ORDERED.

                                                              Paul A. Engelmayer
                                                              United States District Judge

Dated: July 10, 2023
        New York, New York